NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted March 8, 2007[*]
Decided March 12, 2007

**Before**

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 06-3941

| | |
|---|---|
| LARRY N. WHITE, | Appeal from the United States District |
| *Petitioner-Appellant,* | Court for the Southern District of |
| | Indiana, Terre Haute Division |
| *v.* | |
| | No. 2:06-CV-90-RLY-WGH |
| RICK V. VEACH, | |
| *Respondent-Appellee.* | Richard L. Young, |
| | *Judge.* |

## O R D E R

Larry White was convicted of participating in a conspiracy to distribute cocaine that began in 1980 and ended in September 1988.  Because the offense ended after the Sentencing Reform Act became effective on November 1, 1987, he was sentenced pursuant to that act, which abolished parole.  In a habeas corpus

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

petition filed under 28 U.S.C. § 2241, White argues that he is nonetheless entitled to parole. The district court denied relief, and White appeals. We affirm.

White first maintains that the Sentencing Reform Act is inapplicable to him since the conspiracy he joined began before that act became effective. This argument is without merit. White's conspiracy ended in 1988, well after the effective date of the Sentencing Reform Act, and we have repeatedly held that a conspiracy that straddles the effective date of this Act is subject to it. *See United States v. Osborne,* 931 F.2d 1139, 1144 (7th Cir. 1991); *United States v. Fazio*, 914 F.2d 950, 958-59 (7th Cir. 1990).

White also seems to contend that he is eligible for parole since, as he understands it, Congress did not abolish parole for conspiracy offenses until it amended 21 U.S.C. § 846 on November 18, 1988. *See* National Narcotics Leadership Act of 1988, Pub. L. No. 100-690, § 6470. 102 Stat. 4377. This contention is incorrect. It was the Sentencing Reform Act itself that abolished parole, not the unrelated amendment to § 846. *See* Sentencing Reform Act of 1984, Pub. L. No. 98-473, § 218(a)(5), 98 Stat. 2027; *Skowronek v. Brennan*, 896 F.2d 264, 266 (7th Cir. 1990), *see also Osborne,* 931 F.2d at 1145 (applying Sentencing Reform Act to conspiracy that ended after Act's effective date but before November 1998 amendment to § 846).

AFFIRMED.